# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

LUCAS CANTON SCHNEIDER,

        Plaintiff,

v.

JAREMIE AUGAFA, *et al.,*

        Defendants.

Case No. 3:24-cv-00246-RRB

## ORDER OF DISMISSAL

    On November 8, 2024, self-represented litigant Lucas Schneider ("Plaintiff") filed a complaint, a civil cover sheet, an application to proceed without paying the filing fee, and a motion for an emergency injunction.[1] In Claim One, Plaintiff alleges on or about August 1, 2024, Probation Officer Jeremie Augafa issued an illegal warrant for his arrest.[2] In Claim Two, Plaintiff alleges unnamed government employees drugged him, poisoned him, injected him with diseases, and denied him life-saving medical treatment.[3] He believes the government is tracking him electronically, denying him due process, and forcing him to stay in Anchorage against his will.[4] In Claim Three, Plaintiff alleges on or about October 2, 2024, unknown Anchorage jail employees denied him medical care. For relief, Plaintiff

---

[1] Dockets 1–3.

[2] Docket 1 at 3.

[3] Docket 1 at 4.

[4] Docket 1 at 4.

seeks $2,000,000 in damages; punitive damages in the amount of $2,000,000; and an order requiring Defendants to "stop harassing" him.[5] From November 12-26, 2024, Plaintiff filed five additional motions, including a motion to add a new Defendant allegedly involved with a conspiracy against him,[6] a motion for court-appointed counsel to assist him with exposing state secrets, new human rights questions, and intellectual theft,[7] and additional motions for preliminary injunctions that do not appear to have any basis in reality.[8]

Accepting the facts as alleged in the Complaint as true and construing the claims in the light most favorable to Plaintiff—as the Court must at the screening stage—Plaintiff may be able to revise Claims 1 and 3 to state a plausible claim upon which relief may be granted. However, Claim 2 and the allegations contained in Plaintiff's various motions relate to meritless claims the Court previously has dismissed with prejudice.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the Courtview records of the Alaska Trial Courts.[9] The Court also

---

[5] Docket 1 at 8.

[6] Docket 5.

[7] Docket 6.

[8] Dockets 10, 13.

[9] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal
Case No. 3:24-cv-00246, *Schneider v. Augafa, et al.*
Order of Dismissal
Page 2 of 5
Case 3:24-cv-00246-RRB   Document 16   Filed 03/31/25   Page 2 of 5

takes judicial notice[10] of Plaintiff's other cases filed in this court,[11] several of which were dismissed as frivolous, malicious, or for failing to state a claim.[12]  Although Plaintiff voluntarily dismissed some of his cases after the Court issued a notice of intent to dismiss, Plaintiff has accumulated three strikes under 28 U.S.C. § 1915(g).  Because Plaintiff filed this case after he was released from custody, his three-strikes do not prevent him from filing this case without prepaying the filing fee.[13]

However, the Court may dismiss an action for failure to comply with a local rule[14] or failure to comply with any order of the Court.[15]  And Plaintiff continues to demonstrate an inability to follow the applicable federal and local rules and the

---

judicial system, if those proceedings have a direct relation to matters at issue") (internal citations and quotation marks omitted.).

[10] A court can take judicial notice of its own files and records.  Fed. R. Evid. 201.

[11] *See, e.g., Schneider v. Winkelman, et al.,* Case No. 3:22-cv-284, Docket 13 (denying Plaintiff's motion to add unnamed federal authorities—allegedly involved in a conspiracy to conduct medical experimentation, prevent him from accessing medical care, and assist the state criminal courts in violating his rights—as defendants in his case).

[12] *See Schneider v. Kindred, et al.,* Case No. 3:24-cv-00106-SLG, Docket 4 (dismissing case for failure to state a claim); *Schneider v. Unknown Named F.B.I. Agent(s)*, Case No. 3:23-cv-00261-JMK, Docket 23 (dismissing case for failure to state a claim), *Schneider v. Britt,* Case No. 3:22-cv-00283-JMK, Docket 15 (dismissing case as frivolous); *Schneider v. Ritzman, et al.,* Case No. 3:18-cv-090-RRB, Docket 22 (dismissing case and issuing a strike); *Schneider v. Dahlstrom, et al.*, Case No. 3:21-cv-170-RRB, Docket 21 (dismissing case and issuing a strike).

[13] *See* 28 U.S.C. § 1915(h) (defining the term "prisoner," which does not include persons released on parole).

[14] *Thompson v. Housing Auth. of L.A.,* 782 F.2d 829, 831 (9th Cir. 1986).

[15] Federal Rule of Civil Procedure 41(b).  *See also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

Case No. 3:24-cv-00246, *Schneider v. Augafa, et al.*
Order of Dismissal
Page 3 of 5
Case 3:24-cv-00246-RRB    Document 16    Filed 03/31/25    Page 3 of 5

directions of the Court. Specifically, Rule 11 of the Federal Rules of Civil Procedure requires that in any pleading filed with the Court, the attorney or unrepresented party filing the document "certifies that to the best of the person's knowledge" "the factual contentions have evidentiary support." On page 6 of the Complaint, Plaintiff checked "no" in response to the question: "Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?" And on page 9 of the Complaint, he signed a declaration "under penalty of perjury" that "all of the information contained in the complaint is true and correct."[16] While the Court may act with leniency towards a self-represented litigant, Plaintiff is not excused from the rules that govern court proceedings.[17] Plaintiff previously has been cautioned that the continued filing of claims in the District of Alaska that Plaintiff knows, or should know, will be dismissed may result in the entry of a vexatious litigant order by this Court requiring prescreening of Plaintiff's filings in this forum.

Further, the District of Alaska Local Civil Rules require parties to provide current contact information to the Court and all parties.[18] On March 5, 2025, mail

---

[16] Perjury is a Class B felony under Alaska law and carries a maximum term of imprisonment of up to 10 years. Alaska Stat. § 11.56.200.

[17] Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the Local Civil Rules, and all Court orders.

[18] *See* Local Civil Rules 11.1(b)(2) (requiring self-represented parties must keep the court and other parties advised of the party's current address and telephone number") and

sent to Plaintiff was returned to the Court as undeliverable.[19] Plaintiff has not since contacted the Court.

For these reasons, this case must be dismissed. This dismissal does not count as a strike since Plaintiff was not in custody when he filed this case. However, Plaintiff is reminded that he must not file any future claims for which he lacks a sufficient legal or factual basis.

**IT IS THEREFORE ORDERED:**

1. This case is **DISMISSED**.

2. All pending motions (Docket Nos. 3, 4, 5, 6, 8, 9 10, and 13) are **DENIED as moot.**

3. The Clerk shall issue a final judgment and close this case.

DATED this 31st day of March, 2025, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

---

11.1(b)(3) (allowing the Court to dismiss a case when a self-represented party fails to update their address and any orders or other mail is returned as undeliverable).

[19] Docket 15.

Case No. 3:24-cv-00246, *Schneider v. Augafa, et al.*
Order of Dismissal
Page 5 of 5
Case 3:24-cv-00246-RRB    Document 16    Filed 03/31/25    Page 5 of 5